IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL LASPINA, | : | CIVIL ACTION |
| Plaintiff, | : | NO. 11-3764 |
| v. | : | |
| DOMINION MANAGEMENT of DELAWARE d/b/a CASHPOINT, et al., | : | |
| Defendants. | : | |

**ORDER**

Federal law strongly favors the arbitration of disputes and the enforcement of arbitration agreements. Circuit City Stores, Inc. v. Adams, 532 U.S. 105 (2001). I have examined this matter and concluded that: (1) the subject transaction involved interstate commerce; (2) a written arbitration agreement exists; (3) the dispute falls entirely within the scope of the arbitration agreement, and (4) the arbitration agreement is valid and enforceable. I must therefore refer this matter to arbitration and stay the case pending disposition of that process. See 9 U.S.C. §§ 2-4; AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740, 1745 (2011); Seus v. John Nuveen & Co., Inc., 146 F.3d 175,179 (3d Cir. 1998).[1]  Plaintiff's argument regarding Defendant's purported breach of the arbitration agreement is incorrect. Plaintiff's other arguments are unpersuasive in the face of considerable, straightforward precedent.

---

[1] The merits cannot be considered when deciding an arbitration motion. AT&T Technologies, Inc. v. Comm. Workers of Am., 475 U.S. 643, 649 (1986); PaineWebber, Inc. v. Hartmann, 921 F.2d 507, 511 (3d Cir. 1990) ("If . . . the court determines that a [valid arbitration] agreement exists and that the dispute falls within the scope of that agreement, it then must refer the matter to arbitration without considering the merits of the dispute.").

AND NOW, this 10th day of August, 2011, it is hereby ORDERED that Defendant's Motion to Compel Arbitration and Stay Proceedings (Docket No. 6) is GRANTED. This matter is placed on the Court's SUSPENSE docket until the completion of arbitration, at which time the parties shall promptly notify the Court.

BY THE COURT:

/s/ C. Darnell Jones, II

_____
C. Darnell Jones, II,     U.S.D.J.